

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 18, 2020

Ilene Jaroslaw, Esq.
Phillips Nizer LLP
485 Lexington Avenue
14th Floor
New York, New York 10017

**Re: United States v. Milesh Talreja, 20 Mag. 983, 20 Cr. \_\_\_**

Dear Ms. Jaroslaw:

This document is not a plea agreement. Rather, pursuant to the suggestion of the Court in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), this letter sets forth the current position of the United States Attorney's Office for the Southern District of New York (the "Office") regarding the application of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to defendant Milesh Talreja (the "defendant") in this case.

The Information charges the defendant with one count of bank fraud, in violation of Title 18, United States Code, Section 1344. Count One carries a maximum term of imprisonment of 30 years, a maximum term of supervised release of 5 years, a maximum fine pursuant to Title 18, United States Code, 3571, of the greatest of $1,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment.

The Government currently believes that the Guidelines apply to the crime charged in the Information as follows:

**A. Offense Level**

1. The applicable Guidelines manual is the November 1, 2018 edition.

2. Count One charges the defendant with bank fraud, in violation of 18 U.S.C. § 1344. Because bank fraud has a statutory maximum term of imprisonment of 30 years, the base offense level for Count One is 7, pursuant to U.S.S.G. § 2B1.1(a)(1).

3. Because the defendant intended to inflict a loss of $500,000, which is greater than $250,000 but less than $550,000, a 12-level increase is warranted, pursuant to U.S.S.G. § 2B1.1(b)(1)(G).

2019.10.22

4. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 16.

**B. Criminal History Category**

Based upon the information now available to this Office, the defendant has no criminal history points.

In accordance with the above, the defendant's Criminal History Category is I.

**C. Sentencing Range**

Based upon the calculations set forth above, the defendant's sentencing range is 21 to 27 months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 16, the applicable fine range is $10,000 to $95,000.

The foregoing Guidelines calculation is based on facts and information currently known to the Office. Nothing in this letter limits the right of this Office (1) to change its position at any time as to the appropriate Guidelines calculation in this case, even if that change is based, in whole or in part, on information that was in the Government's possession as of the date of this letter; and/or (2) to present to the Court or the United States Probation Office, either orally or in writing, any and all facts and arguments relevant to sentencing that are available to the Office at the time of sentencing. Nor does anything in this letter limit the right of this Office to seek a departure under or variance from the Guidelines, or to take a position on any departure or variance that may be suggested by the Court, the United States Probation Office, or the defendant.

This letter does not and cannot bind either the Court or the United States Probation Office, either as to questions of fact or as to determinations of the correct application of the Guidelines in this case. Instead, the sentence to be imposed upon the defendant will be determined solely by the Court. This Office cannot and does not make any promise or representation as to what sentence the defendant will receive.

The defendant is hereby notified that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences. The defendant is further notified that, if he is a <u>naturalized</u> citizen of

the United States, his guilty plea may have consequences with respect to his immigration status. For example, under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant is further notified that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. The defendant is entitled to and should seek advice from his attorney on this issue.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Alexander Li
Assistant United States Attorney
(212) 637-2265