

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 19, 2020

**BY ECF**
The Honorable John F. Keenan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States</u> v. <u>Milesh Talreja</u>, No. 20 Cr. 233 (JFK)

Dear Judge Keenan:

      The Government respectfully writes to oppose the motion of Phillips Nizer LLP, by Ilene Jaroslaw, Esq. and Alisha McCarthy, Esq., to withdraw as counsel for the defendant. ECF Doc. No. 32 ("Mot."). The defendant, who is a fugitive from justice, seeks to discharge his attorneys so that he may file *pro se* motions in another criminal case pending in this District. The motion to withdraw should be denied because the fugitive disentitlement doctrine bars the defendant from seeking relief from the Court while refusing to submit to its jurisdiction. Moreover, discharging defense counsel would leave the defendant unrepresented in his own criminal case. Given the Court can neither conduct a waiver of counsel inquiry nor review the defendant's financial eligibility for appointed counsel without the defendant's presence, defense counsel should remain in the case until such time as the defendant returns to the Court.

**I.   Relevant Background**

      On March 26, 2020, the defendant pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344, and was released on bail. On June 21, 2020, the defendant removed his GPS ankle bracelet and informed the Government, through counsel, that he had left the country. On June 22, 2020, this Court issued a bench warrant for the defendant's arrest.

      Since his flight, the defendant has repeatedly contacted the Government to advise that, notwithstanding his fugitive status, he intends to seek relief in this Court.[1] For example, on August 13, 2020, the defendant wrote in an email to the Government: "I am now in China and will not make myself available to US Authorities." The next day, on August 14, 2020, the defendant called the undersigned, who advised the defendant that the defendant was represented by counsel and the

---

[1] The communications described in this paragraph are not exhaustive. The defendant has sent numerous emails to the Government, including as recently as August 18, 2020. The Government has repeatedly informed the defendant that it can communicate only with his counsel of record regarding his case, and has forwarded the defendant's communications to defense counsel.

undersigned could not communicate with the defendant directly. Later on August 14, 2020, the defendant sent an email to another Judge of this District stating that he would be "filing a *pro se* motion to intervene to request unsealing of" a different criminal case. Five minutes later, the defendant wrote in an email to the Government: "Ilene Jarolsaw and Alicia McCarthy will be [m]otioning the court to withdraw as counsel of record in USA v Talreja."

The defendant's sentencing is set for September 14, 2020.

## II. Discussion

Local Civil Rule 1.4, which is made applicable to criminal cases by Local Criminal Rule 1.1(b), provides that "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order." Local Rule 1.4 further provides that leave to withdraw "may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar . . . ."[2] Defense counsel in this case seeks leave to withdraw because the defendant "has proceeded with a course of action that is contrary to our advice, and in the limited communications we have received from him, he has asked that we file this application to withdraw as his counsel." (Mot. at 1). While in an ordinary case those conditions might justify the withdrawal of counsel, they do not constitute a "satisfactory reason" in the circumstances of this case.

*First*, the fugitive disentitlement doctrine precludes the defendant from "call[ing] upon the resources of the Court for determination of his claims." *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970). District courts, as well as appellate courts, "enjoy discretion to refuse to rule on the merits" of a fugitive defendant's "postconviction claims of trial error" and in a variety of "analogous contexts," such as expedited discovery in a related civil action and the defense of a related forfeiture proceeding. *United States v. Bravo*, 10 F.3d 79, 83 (2d Cir. 1993); *see also United States v. Fox*, 10 Cr. 318 (DLC), 2020 WL 417796, at *1 (S.D.N.Y. Jan. 27, 2020) ("Under the fugitive disentitlement doctrine, judicial resources need not be expended on the motion of a defendant who is unwilling to submit to the Court's jurisdiction. . . . Accordingly, a court may deny a motion on the grounds that the party seeking relief is a fugitive while the matter is pending.") (internal quotation marks omitted). Here, the defendant apparently seeks to discharge his attorneys so that he may file motions, unencumbered by his counsel's duties to the Court, in another criminal case pending in this District. The Court should not countenance such a maneuver.

*Second*, discharging defense counsel would leave the defendant unrepresented in his own criminal action. In the absence of the defendant, the Court cannot conduct the inquiries necessary to either allow the defendant to proceed *pro se* or receive appointed counsel at public expense. Before permitting the defendant to proceed *pro se*, the Court must satisfy itself that "the defendant

---

[2] Consistent with the Local Rules, New York Rule of Professional Responsibility 1.16(d) provides: "If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."

is competent to represent himself at trial," and that "the request to proceed *pro se* is genuine." *United States v. Barnes*, 693 F.3d 261, 270 (2d Cir. 2012). Moreover, "the right to self-representation does not attach unless it is asserted clearly and unequivocally, . . . and a court may deny a defendant's request to proceed *pro se* if it finds that the request is manipulative or abusive in some other way." *Id.* at 271 (internal quotation marks omitted). The Court cannot conduct a waiver of counsel colloquy with an absent defendant. Nor can the Court ascertain the defendant's financial eligibility for appointed counsel — particularly given the defendant currently has retained counsel.

*Third*, prudential concerns weigh against the withdrawal of defense counsel at this time. The defendant's sentencing is set for September 14, 2020. Although there is little reason to believe the defendant will voluntarily appear, the defendant has been ordered to appear and the Government anticipates the proceeding will go forward as scheduled. If the defendant does appear, then he will need counsel. If the defendant does not appear, then the Government may initiate a prosecution for bail jumping, in violation of 18 U.S.C. § 3146.

The Fifth Circuit and the District Court for the Northern District of Texas recently denied attorney motions to withdraw on analogous facts in *United States v. Moreno*. In that case, defense counsel moved to withdraw in the district court after the defendant failed to report to the Bureau of Prisons to serve his sentence. Seeing "three unfavorable options" — *viz.*, "(1) denying the request, and forcing [defense counsel] to continue to represent an apparently fugitive client; (2) granting the request, and appointing new counsel who would be completely unfamiliar with [the defendant]'s case; and (3) granting the request, and leaving an apparently fugitive defendant to proceed *pro se* on appeal" — the magistrate judge denied the motion to withdraw without prejudice to re-urging the motion before the Fifth Circuit. No. 3:17-CR-468-D(10), 2018 WL 6267398, at *3 (N.D. Tex. Nov. 30, 2018). Defense counsel duly moved to withdraw in the Fifth Circuit, but the Fifth Circuit also denied the motion without prejudice to filing an *Anders* brief. No. 18-11139, ECF Doc. No. 00514855037, slip op. at 1 (5th Cir. Feb. 28, 2019). The Fifth Circuit ultimately dismissed the appeal on fugitive disentitlement grounds. No. 18-11139, ECF Doc. No. 00515300419, slip op. at 2 (5th Cir. Feb. 6, 2020).

Because the defendant is a fugitive, and because discharging defense counsel would leave the defendant unrepresented in his criminal case, the motion to withdraw should be denied without prejudice to renewal upon the defendant's return to this Court.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by: _____
Alexander Li
Assistant United States Attorney
(212) 637-2265

cc: Ilene Jaroslaw, Esq. (*by ECF*)
Alisha McCarthy, Esq. (*by ECF*)